1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8
   MAURICE WASHINGTON,                )
9                                      )
            Petitioner,               )
10                                     )
            v.                        )     CIV 08-00806 PHX PGR (MEA)
11                                     )
   DORA SCHRIRO and                   )     REPORT AND RECOMMENDATION
12  ARIZONA ATTORNEY GENERAL,         )
                                       )
13          Respondents.              )
   _____)
14
   TO THE HONORABLE PAUL G. ROSENBLATT:
15
            On April 28, 2008, Petitioner filed a *pro se* petition
16
   seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.
17
   Respondents filed an Answer to Petition for Writ of Habeas
18
   Corpus ("Answer") (Docket No. 10) on October 14, 2008.
19
   Respondents argue the action for habeas relief was not timely
20
   filed and that Petitioner procedurally defaulted his claims in
21
   the state courts and, therefore, that the petition must be
22
   denied and dismissed with prejudice.  Petitioner filed a reply
23
   to the answer to his petition on December 3, 2008.  See Docket
24
   No. 13.
25
            I Procedural History
26
            On October 29, 2001, a Maricopa County grand jury
27
   indictment charged Petitioner with one count of first-degree
28

murder.  Answer, Exh. A.  The indictment included the allegation that the offense involved "the discharge, use, or threatening exhibition of a gun, a deadly weapon or dangerous instrument, and/or the intentional or knowing infliction of serious physical injury."  Id., Exh. A.

On April 30, 2002, a jury found Petitioner guilty of the lesser-included offense of second-degree murder.  Id., Exh. B.  The jury determined that Petitioner "commit[ted] a dangerous offense by the use or threatening exhibition of a deadly weapon."  Id., Exh. B & Exh. C.  On June 18, 2002, Petitioner was sentenced to an aggravated term of twenty years imprisonment pursuant to this conviction.  Id., Exh. D.  The trial court imposed an aggravated sentence, *inter alia*, because Petitioner had committed the offense for pecuniary gain.  Id., Exh. E.  The trial court also found the death occurred in a particularly cruel and heinous manner.  Id., Exh. E.

Petitioner took a timely direct appeal of his conviction and sentence.  Id., Exh. H.  Petitioner's appointed appellate counsel filed a brief in compliance with Anders v. California, stating he had reviewed the record and could not find a non-frivolous claim to raise on Petitioner's behalf. Id., Exh. H.  Appointed appellate counsel also averred that he had contacted Petitioner to "solicit" issues to raise on appeal, but that Petitioner identified "no issues he wishes counsel to raise."  Id., Exh. H.

Accordingly, the Arizona Court of Appeals reviewed the trial record for fundamental error, and affirmed Petitioner's

conviction and sentence in a decision issued January 7, 2003. Id., Exh. J.  The Arizona Court of Appeals noted Petitioner had failed to file a supplemental *pro se* brief in his direct appeal, even though he had been granted an opportunity to do so after his counsel filed an Anders brief.  Id., Exh. J.  Petitioner sought review of his conviction and sentence by the Arizona Supreme Court, which denied relief on August 1, 2003.  Id., Exh. K.  The mandate of the Court of Appeals affirming Petitioner's conviction and sentence issued September 4, 2003.  Id., Exh. L.

On January 11, 2005, more than one year after his conviction became final, Petitioner filed an action seeking state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.  Id., Exh. M.  Petitioner asserted, *inter alia*, that his Sixth Amendment rights were violated by his sentence, citing the United States Supreme Court's 2004 opinion in Blakely v. Washington.  Id., Exh. M.  Petitioner also alleged he was denied his right to the effective assistance of counsel. Id., Exh. M.

The state trial court denied post-conviction relief in a decision issued January 25, 2005.  Id., Exh. N.  The state court determined Petitioner's Rule 32 action was not timely. Id., Exh. N.  The trial court also concluded Petitioner was not entitled to relief pursuant to Blakely:

> In Blakely, the United States Supreme Court, held that pursuant to its decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Ring v. Arizona, 536 U.S. 584 (2002), a [d]efendant is entitled to a jury's determination of any fact that increases the penalty for a crime beyond the prescribed

statutory maximum. However, in <u>Schirro (sic)
v. Summerlin</u>, 542 U.S. [348][,] 124 S.Ct.
2519 (2004), the Court also held that
although <u>Ring</u> and <u>Apprendi</u> constitute a
significant change in the law, this change is
procedural, but not a watershed procedural
rule, and does not apply retroactively to
convictions that are final. The Arizona
Appellate Courts also have declared that <u>Ring</u>
and <u>Apprendi</u> do not apply retroactively to
convictions that are final. <u>State v. Towery</u>,
204 Ariz. 386 [] (2003); <u>State v. Sepulveda</u>,
201 Ariz. 158 [] (App. 2001)....

<u>Id.</u>, Exh. N at 1.[1]

Petitioner sought review of this decision by the Arizona Court of Appeals, which denied review on September 27, 2005. <u>Id.</u>, Exh. O.

Petitioner filed his federal habeas petition on April 28, 2008. Petitioner asserts he is entitled to relief because the trial court violated his Sixth Amendment right to a jury trial by sentencing him to an aggravated term of imprisonment based on facts found by the trial court and not the jury. <u>See</u> Petition at 6.

**II Analysis**

**Relevant statute of limitations**

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations as found in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

---

[1] Rule 32.1, Arizona Rules of Criminal Procedure, provides grounds for relief in post-conviction proceedings. Rule 32.1(g) states that a defendant is entitled to relief if "[t]here has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence."

-4-

The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions.  See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002).  The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2)(2006 & Supp. 2008).  See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).

Petitioner's conviction and sentence became final on or about November 1, 2003, ninety days after the state Supreme Court denied review, when the time expired for seeking certiorari from the United States Supreme Court.  Accordingly, the one-year statute of limitations on Petitioner's federal habeas action expired on November 1, 2004, unless it was tolled by any pending action for state post-conviction relief.  See Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001).

Petitioner did not have any action for post-conviction relief pending in the state courts from November 1, 2003, through November 1, 2004.  Petitioner allowed more than one year of time to pass after the date that his conviction became final and the filing of his first state action for post-conviction relief on January 11, 2005.  Petitioner's first state Rule 32 action could not and did not re-start the expired statute of limitations regarding his federal habeas action.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker

v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).   A state-court petition that is filed after the expiration of the statute of limitations under the AEDPA does not revive the running of the limitations period.   See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001). Accordingly, the federal habeas action is not timely.

Neither does Blakely provide for an alternative date for beginning the statute of limitations regarding Petitioner's habeas action.   Section 2244 provides the statute of limitations regarding a federal habeas claim may begin to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."   28 U.S.C. § 2244(d)(1)().   This section is not applicable to Petitioner's Blakely claim because the United States Supreme Court has not made Blakely retroactive to cases on collateral review.   See Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005). See also Tyler v. Cain, 533 U.S. 656, 662, 121 S. Ct. 2478, 2482 (2001) (holding that a new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactively applicable to cases on collateral review).

Even allowing that the statute of limitations on a federal habeas action asserting a Blakely claim began to run when Petitioner's second state action for post-conviction relief

-6-

concluded, on October 27, 2005, Petitioner's federal habeas action, filed in April of 2008, more than two years later, is not timely filed. Additionally, the untimely-filed second state petition for post-conviction relief could not toll the statute of limitations on Petitioner's federal habeas action because a state petition that is not filed within the state's required time limit is not "properly filed." <u>Pace v. DiGuqlielmo</u>, 544 U.S. 408, 413, 125 S. Ct. 1807, 1811-12 (2005).

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, his petition for habeas relief may only considered if the AEDPA's time limitation may be "equitably" tolled in his case. <u>See</u> <u>Harris</u>, 515 F.3d at 1053-54 & n.4; <u>Allen v. Lewis</u>, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals has determined that equitable tolling is available only if extraordinary circumstances beyond the petitioner's control made it impossible to file a federal habeas petition on time. <u>See</u> <u>Harris</u>, 515 F.3d at 1055-56 (discussing standard and holding equitable tolling was warranted when the petitioner had relied on prior Circuit Court of Appeals precedent regarding the timely filing of his petition); <u>Malcom v. Payne</u>, 281 F.3d 951, 962 (9th Cir. 2002). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. <u>See</u> <u>Harris</u>, 515 F.3d at 1055 (stating a petitioner's "oversight, miscalculation," or "negligence" would not warrant equitable tolling); <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).

A federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence throughout the period he seeks to toll.  See e.g., <u>Bryant v. Arizona Att'y Gen.</u>, 499 F.3d 1056, 1061 (9th Cir. 2007); <u>Warren v. Garvin</u>, 219 F.3d 111, 113 (2d Cir. 2000); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999).  It is Petitioner's burden to establish that equitable tolling is warranted in his case.  See <u>Bryant</u>, 499 F.3d at 1059-60 (holding the petitioner must establish a causal connection between the cause of his delay and the delay itself).

In his reply to the answer to his petition Petitioner asserts he was unable to file a pro se brief in his direct appeal because he is uneducated in the law.  See Docket No. 13. Petitioner contends the statute of limitations did not begin to run until he understood the factual predicate for his habeas claim, which could not occur earlier because the "Arizona Department of Corrections has permanently closed on all prison law libraries..."  <u>Id.</u>  Petitioner also asserts the ADOC does not provide legal assistance of any kind except for a "para legal who hands out forms and helps you only with initial filing."  <u>Id.</u>  Petitioner contends he has been denied his right to access the courts.  Additionally, Petitioner contends there were extraordinary circumstances that made it impossible to timely file his habeas petition.  Petitioner asserts the extraordinary circumstances were the denial of access to "case law."

Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which

made it impossible for him to file a timely federal habeas petition, or that any state action was the cause for his failure to timely file his federal habeas action. See Pace, 544 U.S. at 414; 125 S. Ct. at 1815 (concluding that the petitioner was not entitled to equitable tolling because he was misled or confused about timing of exhausting his state remedies and filing his federal habeas petition); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."). Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006); Corjasso v. Ayers, 278 F.3d 874, 877-78 (9th Cir. 2002).

Petitioner does not claim he was misled about the statute of limitations. A petitioner's *pro se* status, ignorance of the law, and lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Miranda v. Castro, 292 F.3d 1063, 1066-67 & n.4 (9th Cir. 2002); Fisher v. Johnson, 174 F.3d 710, 714-716 (5th Cir. 1999); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (holding that petitioner's misunderstanding of state's "rules, statutes, and the time period set forth therein do not justify equitable tolling").

Neither has Petitioner established that he acted with diligence during the time period he seeks to toll, as Petitioner allowed more than two years to pass without seeking any form of

state or federal relief from his conviction and sentence prior to filing his 2008 federal habeas action alleging a claim based on a 2004 Supreme Court decision.

### III   Conclusion

Petitioner's petition for a writ of habeas corpus is barred by the statute of limitations applicable to it pursuant to the AEDPA.   Petitioner has not shown that the circumstances of his case warrant application of equitable tolling so that this Court may address the merits of his petition for a writ of habeas corpus.

**IT IS THEREFORE RECOMMENDED** that Mr. Washington's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.   Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.   Thereafter, the parties have ten (10) days within which to file a response to the objections.   Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District

of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 9th day of December, 2008.


_____
Mark E. Aspey
United States Magistrate Judge

-11-