**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maurice Washington,<br><br>          Petitioner,<br>     v.<br><br>Dora B. Schriro, et al.,<br><br>          Respondents. | CV 08-0806-PHX-PGR (MEA)<br><br>**ORDER** |

Currently before the Court is the Report and Recommendation of Magistrate Judge Aspey (Doc. 15) based on Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.[1] Having reviewed *de novo* the Petition, the Report and Recommendation[2]

---

[1] On October 29, 2001, a Maricopa County grand jury indictment charged Petitioner with one count of first-degree murder. On April 30, 2002, a jury found Petitioner guilty of the lesser-included offense of second-degree murder. On June 18, 2002, Petitioner was sentenced to an aggravated term of twenty years imprisonment pursuant to his conviction. The trial court imposed an aggravated sentence, *inter alia*, because Petitioner had committed the offense for pecuniary gain, it also found that the victim's death occurred in a particularly cruel and heinous manner.

[2] The Court agrees with the Magistrate's finding that Petitioner's petition for a writ of habeas corpus is barred by the statute of limitations applicable pursuant to the AEDPA. Petitioner has failed to show that the circumstances in his particular case warrant the application of equitable tolling. Consequently, because Petitioner's action for habeas relief was not timely filed and Petitioner procedurally defaulted his claims in the state courts, the petition must be denied and dismissed with prejudice.

of Magistrate Judge Aspey, and the Petitioner's objections[3] to the Report and Recommendation, and in light of the Court's finding that the Petitioner's objections lack merit,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation **(Doc. 15)** is **ACCEPTED** and **ADOPTED** by the Court.

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus **(Doc. 1)** is **DISMISSED** and **DENIED with prejudice**.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

DATED this 6th day of January, 2009.

Paul G. Rosenblatt
United States District Judge

---

[3] In his Objections, Petitioner contends that the constitutional deprivations of his due process rights include inadequate access to the courts amounting to a cumbersome obstacle for pro se litigants, and ineffective assistance of counsel.

2